No. 1865.—D. E. MANDELL *v.* MAYOR AND CITY OF NEW ORLEANS.

Officers of the city of New Orleans who received their appointment from the military authority during the time the city was under military control, have no claim against the city for salary for the term fixed by law for such office, where it is shown that they have been dismissed by the military before the term of the office expired by law.

Where the salary of an officer is fixed by law for all services rendered in his official capacity, no action will lie for the recovery of additional compensation for alleged extra services.

APPEAL from the Sixth District Court of the Parish of Orleans, *Cooley,* J. *E. Filleul,* for appellee, *B. R. Forman,* for appellant.

LUDELING, C. J. The evidence shows that the plaintiff was appointed a member of the Board of Assessors of the city of New Orleans by the military commandant of the city of New Orleans, on the nineteenth day of September, 1862, and that he continued to discharge the duties of said office until the seventh November 1865, when he was removed by Acting Mayor Kennedy.

It is in proof that the compensation to be allowed to the assessors for all services performed by them was fixed at one hundred and seventy-five dollars per month, on the first December 1862. That this salary was payable monthly, that it was punctually paid. One of plaintiff's witnesses says: "The assessors have always been paid as the pay rolls fall due, as long as they retained their position. I don't remember that the assessors were ever paid the balance of the year, after seventh November, when their work was complete."

There is no evidence to show that the salary above fixed was changed until June 28, 1866, long after the plaintiff had ceased to perform the duties of the office. It is fair to presume that the salary at which he was engaged as a member of the Board of Assessors was one hundred and seventy-five dollars per month. He was entitled to be paid for the time he served as a member of the Board of Assessors, to wit: from the nineteenth of September, 1862, to the seventh of November, 1865, at the rate of $175 per month.

The plaintiff claims that he had a right to the office for *the term of two years*, dating from the first Monday in January, 1865, and ending the first Monday in January, 1867; that notwithstanding his removal on seventh November, 1865, he is entitled to be paid for the unexpired term of two years. He further claims additional compensation for assessing the eighth district in 1865.

The evidence in the record proves that the city of New Orleans had been divided into twelve assessment districts, and that these districts

2

were reduced to six, in the early part of 1865, and that to the plaintiff was assigned the duty of assessing the fourth and the eighth districts.

It is true there is some testimony to show that when the plaintiff was informed of this change he complained, and at first made objection to this increased labor, without additional compensation, and that he consented to do the additional work when Watkins (his witness) told him that Mayor Hoyt said "it should be all right, that plaintiff should be paid, though no ·compensation was specified." But we cannot admit that the declarations of Mayor Hoyt made in conversation with third parties can bind the city, or change the compensation of officers, which had been fixed by the bureau of finance. Even if we admit that the city could be bound in that manner, the evidence only shows that the Mayor said the plaintiff should be paid for the additional work. No amount was specified. The plaintiff, who was a witness in his own behalf, swears he "did not agree to do the work for nothing." He says Mr. Watkins said to him "that he should be paid for it." And upon this, he claims the salary of two offices! The evidence does not show that any of the other assessors was paid two salaries. But it does show that some of them, who assessed two districts, were allowed small additional compensations; and from the testimony of Watkins we infer that something of the kind was expected, *ex gratia* of the Mayor or Bureau. And the admission of the plaintiff proves that he received *fifty dollars* on account of extra work.

The contest about pay for additional labor will seem strange when we remember that the assessors were paid for their services for what they did, per month, and that when their work was done, their engagement ended, and consequently their pay.

The plaintiff has been paid all that was due him, and the evidence, in this case satisfies us that his claims are without any foundation in law or in equity. He was appointed to perform the duties of assessor by the military authorities in New Orleans, without any fixed term. He held that position at their pleasure, and he had no right to the salary of the office, beyond the time he actually served.

He did not hold the office under the provisions of the city charter, and it is unnecessary to inquire into the question whether acting Mayor Kennedy had the *legal* right to remove him or not. The government of the city was under the control of the military authorities, and they *permitted* the removal of the plaintiff or it could not have been done.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that there be judgment in favor of the defendants, and that plaintiff and appellant pay the costs in both courts.

Rehearing refused.